UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ERASTO AGUILAR BALLESTEROS,             Petitioner,

v.             Civil Action No. 4:26-cv-18-DJH

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security et al.,             Respondents.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

    Erasto Aguilar Ballesteros, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) By agreement of the parties, the Court remanded the show-cause hearing given the absence of a material factual dispute (D.N. 10), and the parties have submitted briefs setting out their respective legal arguments (D.N. 8; D.N. 9). After careful consideration, the Court will grant Aguilar Ballesteros's petition for the reasons explained below.

**I.**

    Aguilar Ballesteros is a native and citizen of Mexico. (D.N. 1, PageID.9 ¶ 38; D.N. 8-1, PageID.38) He has "resided in the United States for over eighteen years" and, prior to his detention, "live[d] in Illinois with his wife and four U.S. citizen children." (D.N. 1, PageID.9 ¶ 39) On or about October 30, 2025, Aguilar Ballesteros was "detained in Wheeling, Illinois as he was working as a landscaper." (*Id.* ¶ 40) On October 31, 2025, he was placed in removal proceedings via a Notice to Appear, which charged him as being "an alien present in the United States who has

1

not been admitted or paroled." (D.N. 8-1, PageID.38) Aguilar Ballesteros states that he "has complied with all prior immigration requirements to the best of his ability and poses neither a flight risk nor any danger to his community." (D.N. 1, PageID.9 ¶ 42) He is detained at the Hopkins County Jail. (*Id.*, PageID.2 ¶ 1)

Aguilar Ballesteros seeks a writ of habeas corpus against Department of Homeland Security Secretary Kristi Noem, Chicago ICE Field Office Director Samuel Olson, U.S. Attorney General Pamela Bondi, and Hopkins County Jailer Mike Lewis. (*See id.*, PageID.5 ¶¶ 16–19) Aguilar Ballesteros alleges that his detention without a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.[1] (*See id.*, PageID.10–11 ¶¶ 47–53) Aguilar Ballesteros asks the Court to order his immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See id.*, PageID.11–12) Respondents argue that (1) § 1225's mandatory-detention framework applies to Aguilar Ballesteros "regardless of the duration of [his] presence in the United States, [his] distance from the border when apprehended, or any affirmative acts taken to secure lawful status or relief"; (2) Aguilar Ballesteros, as an applicant for admission, "necessarily is 'seeking admission'" under

---

[1] In his reply, Aguilar Ballesteros also asserts that he "was subjected to a warrantless arrest in violation of the *Nava* [a]greement." (D.N. 9, PageID.119) In support of his claim, Aguilar Ballesteros points to *Castañon Nava v. Department of Homeland Security*, No. 18-cv-3757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025), in which the Northern District of Illinois ruled that certain class members had shown that ICE arrested them without an arrest warrant and thus violated a prior settlement agreement. *See id.* at *2. The class in *Castañon Nava* is defined as "all current and future persons arrested without a warrant for a civil violation of U.S. immigration laws within the ICE Chicago Field Office's Area of Responsibility." *Id.* at *4. Aguilar Ballesteros claims to be a member of that class. (*See* D.N. 9, PageID.119) No arrest warrant appears in the record. As one court within the Sixth Circuit has noted, however, "release from custody without bond may be an appropriate form of relief in an action *outside of habeas* for violation of the" settlement agreement, but a 28 U.S.C. § 2241 habeas petition "is not the proper avenue for [a petitioner] to seek such relief." *Lopez v. Raycraft*, No. 1:25-cv-1412, 2025 WL 3290655, at *10 (W.D. Mich. Nov. 26, 2025). Consistent with *Lopez*, the Court "will not resolve the issue" via Aguilar Ballesteros's § 2241 petition. *Id.*

2

§ 1225(b)(2); (3) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (4) Aguilar Ballesteros's detention does not violate due process because he "was afforded all the process he was due" under § 1225.[2]  (D.N. 8-2, PageID.74–75, 77)

## II.

**A.      Immigration and Nationality Act**

Aguilar Ballesteros contends that 8 U.S.C. § 1225(b)(2)(A) "does not apply to those [like him] who previously entered the [United States] and have been residing in the United States prior to being apprehended and placed in removal proceedings."  (D.N. 1, PageID.11 ¶ 48)  Aguilar Ballesteros maintains that § 1226(a) governs his detention and entitles him to a bond hearing.  (*See id.*, PageID.5 ¶ 21)  Respondents argue that § 1225 authorizes Aguilar Ballesteros's detention, incorporating by reference arguments in the appellate brief from *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025).  (*See generally* D.N. 8-2)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025), *appeal docketed*, No. 25-6167 (6th Cir. Dec. 29, 2025).  The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he had resided in the United States

---

[2] Respondents do not dispute that the Court has jurisdiction to review Aguilar Ballesteros's petition (*see* D.N. 8-2, PageID.59).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))), *appeal docketed*, No. 26-5047 (6th Cir. Jan. 20, 2026).  Nor do Respondents argue whether Aguilar Ballesteros must exhaust his administrative remedies.  (D.N. 8-2, PageID.73 n.4)  Therefore, the Court will not address these issues.

for an extended period. *See id.* at \*5, \*7. Likewise, Aguilar Ballesteros is an applicant for admission because he is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 8-1, PageID.38), but he is not "seeking admission" under § 1225(b)(2)(A). *See Alonso*, 2025 WL 3083920, at \*6 ("The phrase 'seeking admission,' though not defined in the statute, 'implies action—something that is currently occurring, and in this instance, would most logically occur at the border upon inspection.'" (quoting *Lopez-Campos*, 797 F. Supp. 3d at 781)); *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at \*9 (E.D.N.Y. Oct. 6, 2025) ("[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering."). This Court and others have consistently found § 1225(b)(2) inapplicable to petitioners like Aguilar Ballesteros who resided in the United States for extended periods before their arrests. *See, e.g.*, *Alonso*, 2025 WL 3083920, at \*1 (approximately twelve years); *Amaya v. Raycraft*, No. 25-13539, 2025 WL 3530273, at \*1 (E.D. Mich. Dec. 9, 2025) (eighteen years); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at \*5 (E.D. Mich. Sep. 9, 2025) (twenty years).

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 8-2, PageID.75) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.92) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at \*6 (quoting § 1226(c)(1)(E)(ii)). "Considering that

4

§ 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes*, 2025 WL 2609425, at *5 (citation omitted). Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 8-2, PageID.99–101) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 8-2, PageID.101) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The

opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Aguilar Ballesteros is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *5 (W.D. Ky. Nov. 26, 2025); *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

**B.    Due Process**

Aguilar Ballesteros asserts that his detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.11 ¶¶ 50–53) Respondents argue that "Section 1225(b)(2) does not afford Petitioner the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 8-2, PageID.102) Because Aguilar Ballesteros is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is irrelevant. *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and

6

administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Aguilar Ballesteros "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Aguilar Ballesteros] of his freedom is high if the [immigration judge] fails to assess his risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 2025 WL 2829511, at *15. Thus, because all three *Mathews* factors weigh in Aguilar Ballesteros's favor, the Court concludes that his detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Aguilar Ballesteros's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Aguilar Ballesteros, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in

7

accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **January 27, 2026**.

    (2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

January 26, 2026

David J. Hale, Chief Judge
United States District Court

8